WILLIAM H. HOYT *et al.*

*v.*

JOHN LOCK.

1. CONTRIBUTION — *as between the several makers of a note.* When one of several makers of a note pays the note, he can compel, by suit, his co-makers to contribute their proportion.

2. EVIDENCE — *under the general issue.* In an action by one of several makers of a note, who claims to have paid the note, against his co-makers for contribution, a special plea setting up that after the note was given, it was agreed between the owner of the note and the makers, that a part of the makers should pay one-half the note, and the others the remaining half, and the party thus paying his share to be discharged from further liability, and that the note was paid according to such agreement, was held bad as amounting only to the general issue.

WRIT OF ERROR to the Circuit Court of Marshall county ; the Hon. SAMUEL L. RICHMOND, Judge, presiding.

The opinion of the court states the case.

Messrs. BURNS & CUMMINS, for the plaintiffs in error.

Messrs. BANGS & SHAW, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court :

This was an action of assumpsit in the Marshall Circuit Court, brought by John Lock against William H. Hoyt and Matthew Hoyt, impleaded with Ellen Manning and William L. Manning. The declaration was for goods, wares and merchandise sold and delivered, and the money counts. William H. Hoyt pleaded the general issue and two special pleas, both of which alleged an agreement between William and Matthew Hoyt and Ellen Hoyt and John Lock, as makers, and Erastus Wright as payee of the note, that William Hoyt should pay half the note, and the other makers the remaining half, and that each party should, thereupon, be discharged from further liability on the note ; that William Hoyt paid his share, and

the other makers the residue which was accepted by Wright in discharge of the note. A demurrer was put in to these pleas, on the ground that they amounted to the general issue, which the court sustained to the third plea and overruled as to the second. A replication was filed to the second plea, setting up the fact that William H. and Matthew Hoyt and John Lock were not principals in the note, but that William H., Ellen and Matthew Hoyt were the principals, and Lock and Petrie were sureties; and, further, that there was no agreement for a release as set forth in that plea, and issue to the country. Matthew Hoyt filed the plea of the general issue and statute of frauds and perjuries, but it is not necessary to notice more particularly the pleadings. The cause was tried by the court, and a verdict and judgment for the plaintiff, Lock.

The main facts are substantially as follows: One Erastus Wright sold lot 27 in the town of Henry to William H. Hoyt and George L. Hoyt, for $500. George L. Hoyt died leaving the note unpaid, and the parties having charge of his estate wanted to sell the land to pay debts, and Wright took the note of William H., Ellen and Matthew Hoyt, and John Lock and James Petrie for $500 payable in one year. It was a joint note. Judgment was obtained on it, after which Wright agreed with Ellen Hoyt and John Lock, that, if they would pay half the note, he would look to William H. Hoyt for the residue, to which they agreed, Lock promising to pay it out of the estate, saying that he had money in his hands belonging to the estate, and was owing the estate. Wright made the same arrangement afterward with William H. Hoyt to pay the other half, he (Wright) agreeing to look to the others for the balance, to which Hoyt agreed, and he did, from time to time, make payments as agreed. The whole amount of the note, it appears, was made out of a sale on execution of Lock's land, which he redeemed. This suit is really a suit for contribution. The third plea amounted to the general issue, and the demurrer was properly sustained to it. As to the facts stated in the second plea, they are not material under this aspect of the case; for it is well settled doctrine, when one of the makers of

a note pays the note, he can compel by suit his co-makers to contribute their proportion. The note was given in order that the title might be divested out of Wright and be made available as assets to pay the debts of George L. Hoyt. Lock was bound to pay the whole note, notwithstanding the agreement with Wright, and he has paid it; and the other parties, for whose benefit he signed the note, and eventually paid it, are bound to contribute their proportion to him, which proportion the court found to be $418.59. We perceive no error in the finding, and must affirm the judgment.

*Judgment affirmed.*